Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
Harris Law Firm, *Of Counsel*
1415 Commercial St SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| BRIAN PURSELL,<br><br>      Plaintiff,<br><br>      v.<br><br>BENT ENTERPRISES, INC.., dba FILLUP'S TRUCKING, a domestic business corporation,<br><br>      Defendant.<br>_____ | Case No. 3:15-cv-01427<br><br>**COMPLAINT**<br><br>**Claims for violations of Overtime Compensation provisions of the Fair Labor Standards Act (FLSA), 29 USC §§ 207, 215, 216(b), et seq.; State law claims for violations of Overtime Compensation laws; Failure to Timely Pay Wages Due and Owing Upon Termination of Employment; Injured Worker/Workers' Compensation Discrimination, and related Retaliation; Family Leave Interference, and related Discrimination and Retaliation, under the Oregon Family Leave Act (OFLA), ORS 652.110, et seq.; ORS 653.010, et seq.; ORS 659A.003, et seq.; ORS 659A.030; ORS 659A.040, et seq., ORS 659A.150, et seq.**<br><br>**(Demand for Jury Trial)** |

Plaintiff alleges:

PRELIMINARY STATEMENT

Page 1 of 13– COMPLAINT

1.

Plaintiff Brian Pursell (hereinafter referred to as "plaintiff") asserts claims for wage and hour violations, including overtime compensation violations, under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 USC §§ 206, 207, 215, 216(b), et seq. Plaintiff asserts claims for wage and hour violations, including overtime compensation violations and failure to timely pay wages due and owing upon termination of employment, under state law, ORS 652.110, et seq. Plaintiff asserts claims for family leave interference, and related discrimination and retaliation, under the Oregon Family Leave Act (hereinafter referred to as "OFLA") and additional state law, ORS 659A.003, et seq., ORS 659A.030, ORS 659A.150, et seq. Finally, plaintiff asserts claims for injured worker/workers' compensation discrimination, and related retaliation, under state law, ORS 659A.040, et seq. Plaintiff demands a jury trial. The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 USC § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367. Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

/ / /

/ / /

Page 2 of 13– COMPLAINT

VENUE

3.

Venue is appropriate in this Court pursuant to 28 USC § 1391 because the events giving rise to this complaint occurred in Multnomah County, Oregon.  Plaintiff is a resident of Hillsboro, Oregon.  Defendant Bent Enterprises Inc., dba Fillup's Trucking (hereinafter referred to as "defendant") is a domestic business corporation with a place of business located in Multnomah County, Oregon.

4.

At all times relevant, defendant employed plaintiff at its location in Portland, Oregon, located in Multnomah County, Oregon, and conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Multnomah County.

**FACTUAL ALLEGATIONS**

5.

Plaintiff timely filed retaliation/discrimination charges with the Oregon Bureau of Labor and Industries (BOLI).  Plaintiff received a right-to-sue letter from BOLI, and timely filed suit within the 90-day limitations period set forth therein.  Plaintiff has exhausted his administrative remedies under state law.

6.

During the term of plaintiff's employment, defendant employed 25 or more individuals for each working day during each of 20 or more calendar workweeks during the current or previous calendar years.  Defendant was an employer subject to the requirements of OFLA.

7.

Defendant is a corporation engaged in the business of providing the rental of trucking-

Page 3 of 13– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

related equipment and transportation services.  Defendant and its employees are engaged in interstate commerce for purposes of the FLSA.  All the work performed by plaintiff during his term of employment with defendant was subject to the requirements of the FLSA and Oregon's state wage and hour laws.

8.

At all relevant times, defendant was plaintiff's employer and was subject to Oregon injured worker/workers' compensation anti-discrimination and anti-retaliation laws.  At all relevant times, plaintiff was an employee entitled to the protection of those laws.

9.

Defendant hired plaintiff in or around September 2012, to work as a truck driver.  Over the course of his employment with defendant, plaintiff regularly and customarily worked an average of more than 25 hours per week, and was an eligible employee entitled to the protections of OFLA.

10.

Plaintiff's work regularly and customarily required him to perform preparatory duties prior to beginning his scheduled work shift.  Such duties needed to be performed before plaintiff could drive his work vehicle to that day's worksite.  For example, plaintiff would fuel his work truck, check the truck's oil, perform pre-trip inspections of the truck and clean out the truck box, amongst other duties.  Plaintiff spent upwards of 45 minutes to an hour performing such duties on a daily basis.  At no time during his employment was plaintiff compensated for any of the aforementioned work duties.

11.

At various times throughout the course of his employment, plaintiff was required to be

Page 4 of 13– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

present at a worksite prior to the time he was permitted to begin performing work duties. Plaintiff was not compensated for such time, nor was he compensated for the time he spent driving to such worksites in his work vehicle.

12.

Plaintiff's work schedule varied, depending on factors such as the season.  For example, plaintiff worked approximately 30 hours per week during the winter and approximately 40-50 hours per week during the summer.

13.

On or around April 17, 2014, plaintiff injured himself falling out of his truck while performing work-related duties.  Plaintiff fell approximately five to eight feet, landed on the ground and injured himself.  That day, plaintiff reported his injury to defendant, including owner Phil Bent.  Plaintiff informed defendant that the accident was work-related.  After reporting the accident, plaintiff was sent home for the day.  Shortly thereafter, supervisor Jason Cassidy called plaintiff and told him to stay home the next day if he was still in pain.

14.

At no time during plaintiff's employment did defendant inform plaintiff he may be eligible for OFLA leave.  Employee provided defendant with sufficient information to put defendant on notice that he might be eligible for OFLA leave.  At no time during plaintiff's employment was he provided with OFLA paperwork.

15.

Plaintiff's injury prevented plaintiff from returning to work.  Plaintiff's injury constituted a period of incapacity during which he was unable to perform at least one essential job function, such as driving his work vehicle, and/or perform his regular daily activities for more than three

Page 5 of 13– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

consecutive calendar days.  Plaintiff kept defendant informed as to the status of his injury and that he was not yet able to return to work.  Plaintiff's injury did not improve with time and, on or around April 24, 2014, plaintiff visited the emergency room and received medical treatment for his injury.  Plaintiff provided defendant with documentation of his emergency room visit.  Plaintiff was prescribed painkillers which, along with his injury, prevented plaintiff from performing his regular job duties at that time.  Plaintiff informed defendant that he was not ready to return to work and was awaiting an appointment with his physician.

16.

On or around April 30, 2014, defendant cancelled plaintiff's medical insurance and/or health benefits.

17.

On or around May 1, 2014, plaintiff met with his physician regarding his injury.  At that time, he was diagnosed as suffering from bursitis.  Plaintiff was provided with documentation excusing him from returning to work until May 5, 2014, and advising him to contact his physician if he was not prepared to return to work by that date.  That same day, plaintiff faxed a copy of the documentation to defendant.

18.

On or around May 1, 2014, plaintiff filed a worker's compensation claim relating to his work-related injury.  That day, plaintiff provided defendant with an application for disability benefits and asked defendant to fill out the appropriate sections and submit the application on his behalf.  Unbeknownst to plaintiff, defendant characterized plaintiff's injury as non-work related.  Defendant then submitted the application on plaintiff's behalf.

/ / /

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

19.

On or around May 5, 2014, plaintiff contacted his physician and noted that his injury was still causing him significant pain. Plaintiff's release was amended to release him to light duty work on May 7, 2014. Plaintiff contacted defendant that day and informed them he was not yet able to return to work.

20.

On or around May 6, 2014, plaintiff contacted defendant and informed them he was released to return to light duty work the following day.

21.

On or around May 8, 2014, defendant terminated plaintiff's employment, allegedly due to plaintiff having "missed too much work." Plaintiff offered to provide defendant with a copy of his medical documentation and defendant refused to accept it. Following plaintiff's termination, defendant failed to provide plaintiff with all the wages he was owed, including plaintiff's accrued vacation compensation. Upon information and belief, under the terms of his employment agreement plaintiff was entitled to such accrued compensation.

### FIRST CLAIM – VIOLATIONS OF FLSA

**(Failure to Pay Overtime Compensation under FLSA)**

22.

Plaintiff incorporates and re-alleges paragraphs 1 through 21 by this reference. Pursuant to 29 USC § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendant willfully violated these provisions when it failed to compensate plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per workweek.

23.

Pursuant to 29 USC § 207, plaintiff is entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial. Pursuant to 29 USC § 216(b), plaintiff is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**SECOND CLAIM – VIOLATIONS OF STATE WAGE AND HOUR LAWS**

(Count 1 – Violation of Overtime Laws)

24.

Plaintiff incorporates and re-alleges paragraphs 1 through 23 by this reference. Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)." Defendant willfully violated this provision when it failed to compensate plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week.

25.

Pursuant to ORS 653.261 and OAR 839-020-0030, plaintiff is entitled to compensation for unpaid overtime, in an amount to be determined at trial. Pursuant to ORS 653.055 and ORS 652.150, he is also entitled to penalty wages. Pursuant to ORS 653.055(4) and ORS 652.200,

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

plaintiff is also entitled to his reasonable costs and attorney fees.  Plaintiff is also entitled to any equitable relief deemed appropriate by the Court.

**(Count 2 - Failure to Pay Wages Upon Termination of Employment)**

26.

Plaintiff incorporates and re-alleges paragraphs 1 through 25 by this reference.  Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment.  Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

27.

At the time of the termination of his employment with defendant, plaintiff was owed unpaid overtime compensation under the FLSA and state wage and hour laws.  That compensation was not timely paid upon termination of his employment, as required under ORS 652.140 and ORS 652.150.

28.

Pursuant to ORS 652.140 and ORS 652.150, plaintiff is entitled to payment of his unpaid overtime compensation, plus 30 days' penalty wages, all in an amount to be determined at trial.  Pursuant to ORS 652.200, plaintiff is also entitled to his reasonable costs and attorney fees.  Plaintiff is also entitled to any equitable relief deemed appropriate by the Court.

**THIRD CLAIM – VIOLATIONS OF OFLA**

**(Count 1 –Interference with Family Leave Rights)**

29.

Plaintiff incorporates and re-alleges paragraphs 1 through 28 by this reference.  Pursuant

Page 9 of 13– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

to ORS 659A.183, "It is an unlawful practice for a covered employer to (1) deny family leave to which an eligible employee is entitled under ORS 659A.150 to 659A.186. Defendant willfully violated this statute when it interfered with and/or denied plaintiff the ability to exercise his family leave rights pursuant to OFLA, cancelled his medical insurance and health benefits on that basis, discharged him on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

30.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, plaintiff is also entitled to his reasonable attorney fees and costs.

**(Count 2 –Discrimination and Retaliation relating to Exercise of Family Leave Rights)**

31.

Plaintiff incorporates and re-alleges paragraphs 1 through 30 by this reference. Pursuant to ORS 659A.183, "It is an unlawful practice for a covered employer to (2) Retaliate or in any way discriminate against an individual with respect to hire or tenure or any other term or condition of employment because the individual has inquired about the provisions of ORS 659A.150 to 659A.186, submitted a request for family leave or invoked any provision of ORS 659A.150 to 659A.186." Defendant willfully violated this statute when it discriminated and/or retaliated against plaintiff due to his exercise of family leave rights under OFLA, cancelled his medical insurance and health benefits on that basis, discharged him on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

/ / /

JON H. WEINER, Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

32.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial.  Pursuant to that statute, plaintiff is also entitled to his reasonable attorney fees and costs.

## FOURTH CLAIM – VIOLATIONS OF INJURED WORKER/WORKERS' COMPENSATION LAWS

### (Discrimination/Retaliation due to Exercise of Injured Worker/Workers' Compensation Rights)

33.

Plaintiff incorporates and re-alleges paragraphs 1 through 32 by this reference.  Pursuant to ORS 659A.040(1), "(1) It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for benefits or invoked or utilized the procedures provided for in ORS chapter 656 or has given testimony under the provisions of those laws."  Defendant willfully violated this statute when it discriminated and/or retaliated against plaintiff in response to his invocation and utilization of injured worked/workers' compensation laws provided in ORS chapter 656, cancelled his medical insurance and health benefits on that basis, discharged him on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

34.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with

Page 11 of 13– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, plaintiff is also entitled to his reasonable attorney fees and costs.

1. First Claim for Relief

    A. Unpaid overtime compensation in an amount to be determined at the time of trial, and an equal amount in liquidated damages, in addition to reasonable attorney fees and costs pursuant to 29 USC § 207 and 29 USC § 216(b).

2. Second Claim for Relief

    A. Count 1 – Unpaid overtime compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the Court, in addition to reasonable attorney fees and costs pursuant to ORS 652.150, ORS 652.200, ORS 653.055 and ORS 653.261.

    B. Count 2 – Unpaid overtime compensation, and 30 days' penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the Court, in addition to reasonable attorney fees and costs pursuant to ORS 652.140, ORS 652.150 and ORS 652.200.

3. Third Claim for Relief

    A. Count 1 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial, along with his reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

    B. Count 2 – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with

Page 12 of 13– COMPLAINT

JON H. WEINER, Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

      compensatory and punitive damages, in an amount to be determined at trial, along with his reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

4.    Fourth Claim for Relief

    A. Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial, along with his reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

DATED this 30th day of July, 2015.

                                          */s/ Jon H. Weiner*
                                          Jon H. Weiner, OSB #993944
                                          jweiner@nw-attorneys.com
                                          Harris Law Firm, *Of Counsel*
                                          1415 Commercial St SE
                                          Salem, OR 97302
                                          Tel: (503) 399-7001
                                          Fax: (503) 399-0745
                                          Attorney for Plaintiff

Page 13 of 13– COMPLAINT

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745